UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONTAZ KENNEDY,

                Plaintiff,                Civil Action No. 23-13185

v.                                              Gershwin A. Drain
                                                United States District Judge

INDIA SMITH,

                                                David R. Grand
                Defendant.          United States Magistrate Judge
_____/

**REPORT AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF No. 23)**

**and**

**ORDER GRANTING PLAINTIFF'S MOTION FOR
LEAVE TO FILE SUPPLEMENTAL PLEADING (ECF No. 32)**

**I.    REPORT**

Before the Court is Plaintiff Montaz Kennedy's ("Kennedy") Motion for Default Judgment against the sole remaining defendant in this case, India Smith ("Smith"), a police officer with the Highland Park Police Department. (ECF No. 23). In his motion, Kennedy seeks entry of a default judgment against Smith pursuant to Fed. R. Civ. P. 55(b) because Smith allegedly did not timely file a response to Kennedy's complaint. (*Id.*). For the reasons set forth below, Kennedy's motion should be denied.[1]

---

[1] Smith also has filed a "Motion Pursuant to Fed. R. Civ. P. 15(d) Requesting to Submit a Supplemental Pleading to Plaintiff's Motion and Declaration for Default Judgement [sic]." (ECF No. 32). In that motion, Kennedy asserts that this Court "strategic[ally]" scheduled a hearing on his Motion for Default Judgment to take place at the "Ann Arbor Federal Court," despite knowing that Kennedy "couldn't make it" to that location. (*Id.*, PageID.191, 193). Kennedy asserts that this was done in an effort to deprive him of the ability to present oral argument on his motion for

As an initial matter, Kennedy's motion for default judgment is procedurally improper. The law is clear that entry of a default under Fed. R. Civ. P. 55(a) is a prerequisite to entry of a default judgment under Fed. R. Civ. P. 55(b). *See Lewis v. Detroit Pub. Sch.*, No. 12-11851, 2013 WL 5785777, at *2 (E.D. Mich. May 6, 2013); *Colston v. Cramer*, No. 07-12726, 2008 WL 559579, at *2 (E.D. Mich. Feb. 26, 2008) (noting that this court follows "the majority of courts" holding that Rule 55 "requires a clerk's entry of default before a court can enter a default judgment"). Here, no default has been entered against Smith; thus, it would be inappropriate to grant Kennedy's motion for default judgment, and on that basis alone, the motion should be denied.

Moreover, even if the Clerk had entered a default prior to the filing of Kennedy's motion for default judgment, the Court would still recommend denying that motion and, instead, would set aside the default. "Trials on the merits are favored in the federal courts …." *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990). Accordingly, Rule 55(c) allows courts to "set aside an entry of default for good cause." The Sixth Circuit has established a three-factor test to determine whether a defendant has established good cause. *See Berthelsen*, 907 F.2d at 620. "First, the court must determine whether the plaintiff will be prejudiced from reopening the case. Then the inquiry turns to whether the defendant

---

default judgment and to prevent him from questioning Smith's attorney about certain matters. (*Id.*, PageID.191). Kennedy also attaches to his motion to supplement two certified mail receipts from mailings sent out in November 2022, which purportedly support his motion for default judgment. (*Id.*, PageID.194-99). Although Kennedy is simply incorrect that scheduling oral argument at the Ann Arbor Federal Courthouse was a "strategic move," as that is the location of the undersigned's courtroom, the Court will, in order to ensure that full consideration is given to Kennedy's arguments, **GRANT** his motion to supplement his prior filing **(ECF No. 32)** and will consider that filing and its attachments.

2

has a meritorious defense. Finally, the court must examine whether culpable conduct of the defendant led to the default." *Id.* Here, all three factors favor weigh against defaulting Smith.

First, Kennedy has not established that he would be prejudiced if a default (or default judgment) was not entered. It is true that Smith did not file her answer to Kennedy's complaint until a few weeks after the February 20, 2024 due date *reflected* on the docket. *But see infra* at 4 n.2. However, "[t]o establish prejudice, the plaintiff must show that the delay [resulting from the defendant's failure to plead or otherwise defend] will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Berthelsen*, 907 F.2d at 621. While Kennedy claims that Smith's delay in responding to his complaint has allowed for the alleged destruction of evidence and an opportunity for Smith to "get witnesses and comrades" to "collude" and "lie" on her behalf (ECF No. 23, PageID.108), he has offered no *evidence* that this has in fact been done. Moreover, the Court notes that while Smith's answer may have been a few weeks tardy, it was Kennedy who waited more than one year after the alleged events at issue in this case to file the instant lawsuit. Thus, this factor favors Smith.

Second, in her answer to Kennedy's complaint and response to Kennedy's motion for default judgment, Smith has raised meritorious defenses. (ECF Nos. 17, 24). At this stage, the Court "must resolve all ambiguous or disputed facts in the light most favorable to the defendant." *Berthelsen*, 907 F.2d at 621. If the defendant "states a defense good at law, then a meritorious defense has been advanced." *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). A defendant does not need to

3

support its defense with "detailed factual allegations to be deemed meritorious." *U.S. v. $22,050.00 U.S. Currency*, 595 F.3d 318, 326 (6th Cir. 2010). Nor must she demonstrate a likelihood of success on the merits. *See Berthelsen*, 907 F.2d at 621-22. Here, Smith asserts that as a Highland Park police officer, her actions were shielded by governmental and/or qualified immunity. (ECF No. 17, PageID.83; ECF No. 24, PageID.151). These defenses are good at law. *See, e.g., Estate of George ex rel. George v. Mich.*, 136 F. Supp. 2d 695, 703 (E.D. Mich. 2001) (holding police officers were entitled to governmental immunity under Michigan law for actions taken during traffic stop); *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006) ("defendants raised the meritorious defense of qualified immunity"). Thus, Smith has raised meritorious defenses to Kennedy's claims.

Finally, there is no indication of any culpable conduct on the part of Smith. "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986). Here, where it is not at all clear that Smith was properly served in this case,[2] and where Smith has now filed an answer to Kennedy's complaint and otherwise

---

[2] Fed. R. Civ. P. 4(e) provides that a person may be served by following the state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located. Applicable Michigan Court Rules state that sending a summons and a copy of the complaint by registered or certified mail, return receipt requested and delivery restricted to the addressee, is completed when the *defendant* acknowledges receipt of the mail. M.C.R. 2.105(A)(2). Here, although Kennedy claims that Smith was served by certified mail on January 30, 2024 (ECF No. 23, PageID.106), the Return of Service card attached to the certified mailing was simply signed "officer," with no indication that Smith signed for (or received) the mailing. (ECF No. 11). Thus, despite the fact that it appears the United States Marshals Service attempted to properly serve Smith, by sending her a copy of the summons and complaint with the box for "Signature Confirmation Restricted Delivery" checked (*id.*), there is no indication that Smith

actively participated in this litigation, Smith has not evidenced an intent to thwart these proceedings by avoiding service or recklessly disregarding the consequences of her conduct.

Accordingly, because all three factors would favor setting aside a default against Smith – had one been entered – the Court finds that entry of a default judgment is unwarranted. This is particularly true where, as the Sixth Circuit has noted, "[j]udgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co.*, 705 F.2d at 845.

## II. RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that Kennedy's Motion for Default Judgment **(ECF No. 23)** be **DENIED**.

Dated: September 12, 2024     s/ David R. Grand
                                                                                DAVID R. GRAND
                                                                                UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a

---

actually received and signed for the mailing. Thus, it appears that service was not actually effectuated on Smith on the date reflected in the docket, meaning that her answer may well not have been tardy. Although this error was not the fault of Kennedy, the circumstances still militate against entry of a default or default judgment against Smith.

waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 12, 2024.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager

6