UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONTAZ KENNEDY,

          Plaintiff,

v.

          Case No.: 2:23-cv-13185
          Hon. Gershwin A. Drain

INDIA SMITH,

          Defendant.
_____/

**ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [ECF No. # 34] AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [ECF No. # 23]**

I.    INTRODUCTION

In December 2023, Plaintiff Montaz Kennedy filed the instant action against Defendants India Smith, John Doe, Johnny Thomas, Ronald Black, and Herbert Morris, bringing claims for conspiracy, retaliation, and unreasonable seizure under the First and Fourth Amendments, which arose out of a confrontation he had with the Highland Park Police.[1] ECF No. 1. Once the Court approved Kennedy's petition to proceed *in forma pauperis* in January 2024, it referred all pretrial matters to

---

[1] The Court terminated all defendants aside from India Smith when it conducted its review of the complaint for frivolousness and failing to state a claim as directed by the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B). *See* ECF No. 7.

1

Magistrate Judge David R. Grand. ECF No. 10. A summons was issued for Smith on January 19, 2024. ECF No. 8. The certificate of service shows that service was effectuated on January 30, 2024; however, it is signed "Officer" with no last name. ECF No. 11. Smith was required to respond by February 20, 2024, but did not do so until April 11, 2024. *Id.*; ECF No. 17.

As a result, Kennedy filed a motion for default judgment under Rule 55. ECF No. 23. The matter has been fully briefed. ECF No. 23, 24, 25, 32. Magistrate Judge Grand entered a Report and Recommendation ("R&R") recommending the Court deny Kennedy's motion. ECF No. 34. Kennedy filed eight objections. ECF No. 41. The Court has considered the briefing and the R&R and concludes that it will **ACCEPT** and **ADOPT** Magistrate Judge Grand's Report and Recommendation [ECF No. #34] and **DENY** Plaintiff Kennedy's Motion for Default Judgment [ECF No. #23].

## II.     ANALYSIS

The standard of review when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. It states that the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." § 636(b)(1). It may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

2

Having considered the parties' arguments and Kennedy's objections, the Court concludes that notwithstanding the objections, Magistrate Judge Grand arrived at the correct result for the reasons stated in his R&R. The Court will discuss each of Kennedy's objections and explain its reasoning for disregarding them.

### a. Objection One

Kennedy's first objection is that Magistrate Judge Grand did not fully address or consider the contents of his supplemental briefing, *see* ECF No. 32, that Magistrate Judge Grand stated in his R&R he would consider. *See* ECF 34, PageID.203–204 n.1; ECF No. 41, PageID.234–35. In his supplemental briefing, Kennedy alleged that the Court "strategic[ally]" deprived him of his opportunity to present oral argument on this motion by moving the matter to the Ann Arbor courthouse (where Magistrate Judge Grand's courtroom is located), knowing that Kennedy could not attend. ECF No. 32, PageID.191. Kennedy claims that as a result, he was unable to question Smith's attorney about when Smith contacted her for legal representation and whether she had *ex parte* communication with the Court; he was unable to question the Court about why there was no transcript for the April 24, 2024 scheduling and status conference; and he was unable to give oral argument regarding his evidence that he mailed former Highland Park Police Chief (and former Defendant) Johnny Thomas a complaint in November 2022. *Id.* at PageID.191–92.

3

In the R&R, Magistrate Judge Grand denied that the hearing was to be conducted in Ann Arbor to deprive Kennedy of the opportunity to present oral argument, noting that his courtroom just happens to be in Ann Arbor. ECF No. 34, PageID.204–05 n.1. Although Magistrate Judge Grand said he considered the other contents of Kennedy's supplemental briefing, he did not specifically address them.

The contents of Kennedy's supplemental briefing, however, do not change the result here. District courts are given wide discretion to determine whether to grant a default judgment. *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 841 (6th Cir. 2011). But the "general preference" is "for judgments on the merits." *Id.* "[A]ll ambiguous or disputed facts" should be reviewed "in the light most favorable to the defendant, resolving any doubts in his favor." *Id.* (internal quotation marks omitted).

With his supplemental briefing, it appears that Kennedy wants to prove that Smith had advance notice about the lawsuit, even if she was not properly served—thereby making her failure to timely answer willful to some extent.[2] However, willfulness is only one factor to be considered by the Court when determining

---

[2] However, some elements of Kennedy's objection have little relevance to the present motion. For example, the fact that the April 24, 2024 status and scheduling conference was not on the record has no impact here. Status and scheduling conferences are frequently conducted off the record. *See, e.g., James River Ins. Co. v. Retro, LLC*, 2:15-CV-465-WKW, 2016 WL 3360698, at *6 (M.D. Ala. June 9, 2016) (mentioning joint status and scheduling conference held off the record). Furthermore, the Court fails to see how mailing Chief Johnny Thomas a complaint in November 2022—before the instant action was even filed—has anything to do with Defendant Smith's failure to respond.

4

whether default judgment is proper. Other factors include whether setting aside the default would prejudice the plaintiff, and whether defendant has any meritorious defenses. *O.J. Distributing, Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003), *abrogated on other grounds by Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022). Indeed, in some instances the Sixth Circuit has found it to be an abuse of discretion not to set aside a default when the plaintiff would not be prejudiced and the defendant has a meritorious defense. *Id.*; *Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193–94 (6th Cir. 1986).

Here, as Magistrate Judge Grand described more thoroughly in the R&R, Kennedy will not be prejudiced by the Court's denial of his motion for default judgment, and Smith has a meritorious defense in this case. These factors militate against granting a default judgment. *See O.J. Distributing, Inc.*, 340 F.3d at 353. Furthermore, where, as here, "service of process was not proper, the court must set aside an entry of default." *Id.* In sum, granting a motion for default judgment is not warranted under these circumstances regardless of Kennedy's supplemental briefing, and Magistrate Judge Grand did not err in disregarding it.

**b. Objection Two**

Kennedy's next objection is to Magistrate Judge Grand's determination that his motion for default judgment was procedurally improper. ECF No. 41, PageID.236. Magistrate Judge Grand noted that the clerk did not enter a default

5

before Kennedy moved for a default judgment, which is improper under Federal Rule of Civil Procedure 55. ECF No. 34, PageID.204. Kennedy argues that the clerk's failure to do so is the clerk's fault, because he cited Rule 55(a)—pertaining to entry of default—in the present motion. ECF No. 41, PageID.236.

Magistrate Judge Grand is correct that the present motion for default judgment is procedurally improper. "Federal Rule of Civil Procedure 55 requires a clerk's entry of default *before* a court can enter a default judgment." *Colston v. Cramer*, 07-cv-12726, 2008 WL 559579, at *2 (E.D. Mich. Feb. 26, 2008). Thus, a party can move for a default judgment only *after* the clerk's entry of default. *See Williams v. Williams*, No. 1:19-cv-489, 2020 WL 8988674, at *1 (S.D. Ohio May 8, 2020) ("*After* the clerk enters the party's default, the plaintiff must move the Court for a default judgment under subsection (b)(2)." (emphasis added)). Requesting entry of default and default judgment simultaneously is not the correct procedure. Furthermore, Kennedy did not request the clerk's entry of default with the form provided on the Eastern District of Michigan's website,[3] and did not provide in his motion all the facts required by E.D. Mich. LR 55.1 to request entry of default.[4]

---

[3] *See* U.S. Dist. Ct. E.D. Mich., *Request for Clerk's Entry of Default*, https://www.mied.uscourts.gov/PDFFIles/Req_ClerksEntryDefault_PDF.pdf.
[4] He did not indicate the location at which Smith was served. *See* E.D. Mich. LR 55.1(c).

### c. Objection Three

Kennedy's next objection is to Magistrate Judge Grand's finding that he is not prejudiced by the denial of default judgment. ECF No. 41, PageID.236–37. Magistrate Judge Grand noted that although Kennedy alleges that the delay permitted Smith to destroy evidence and collude with others, he offered no evidence to support these allegations. ECF No. 34, PageID.205. Kennedy argues that he does not have to "plead and prove" fraud and collusion. ECF No. 41, PageID.236.

The Court agrees with Magistrate Judge Grand's determination that Kennedy will not be prejudiced by the denial of default judgment. Although Kennedy alleges that Smith's delay permitted her to destroy evidence and collude with others, there are no facts whatsoever that support these naked assertions. *See* ECF No. 23, PageID.120–28. The Court will not assume that Smith engaged in these acts simply because she did not answer timely, and it will not punish her with a default judgment absent facts that permit a reasonable inference that this conduct occurred. *See Forrest v. Honor Finance, LLC*, No. 2:18-cv-526, 2018 WL 3954152, at *3 (S.D. Ohio Aug. 17, 2018) (refusing to grant default judgment where plaintiff failed to provide any evidence "that substantiates a risk of fraud or collusion"); *Dassault Systemes, SA*, 663 F.3d at 841 (ambiguous or disputed facts must be resolved in favor of the defendant when considering a motion for default judgment); *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990) ("Without any demonstration by the

plaintiff how… any other facts[] support his claim of prejudice, we cannot conclude [that default judgment is proper].").

### d. Objection Four

Kennedy's next objection is to Magistrate Judge Grand's observation that Kennedy waited over a year after the events underlying the complaint occurred to file the complaint. ECF No. 41, PageID.237–38. Kennedy argues that Magistrate Judge Grand gave no reason why this fact is pertinent to his default judgment motion, and that his delay in bringing the suit has no bearing on whether Smith should have a default judgment entered against her. *Id.*

Contrary to Kennedy's assertion that Magistrate Judge Grand did not explain why the delay in bringing the lawsuit is an important fact, Magistrate Judge Grand indicated that this fact favors a finding that Kennedy suffered no prejudice. *See* ECF No. 34, PageID.205. Magistrate Judge Grand was simply making the commonsense observation that Smith's several-week delay ultimately makes little difference on the availability of evidence or other discovery issues when an entire year passed before the litigation even commenced. *See Berthelsen*, 907 F.2d at 621. As such, this fact supports a finding of no prejudice.

### e. Objection Five

In Kennedy's next objection, he claims that he sufficiently demonstrated that he will experience difficulties obtaining discovery due to Smith's delay. ECF No.

8

41, PageID.239. Kennedy argues that his briefing on this motion demonstrates as such, and that Smith's attorney admitted that Smith is withholding evidence during a telephonic status conference that occurred on September 12, 2024. *Id.* Although he does not make this connection explicitly, Kennedy appears to be arguing that these difficulties demonstrate that he will suffer prejudice if a default judgment is not granted.

However, Kennedy has not demonstrated that he will have difficulties conducting discovery in consequence of Smith's delayed answer. Rather, aside from the allegations of fraud and collusion—which the Court will not entertain without facts to suggest that this conduct occurred—Kennedy's briefing discusses discovery difficulties that he would have regardless of Smith's delay, such as convincing uncooperative witnesses to come to court and subpoenaing evidence. ECF No. 23, PageID.125–26. This is not enough to demonstrate prejudice. *See Krowtah II LLC v. ExCelsius Int'l Ltd.*, 330 Fed. App'x 530, 535 (6th Cir. 2009) (discovery difficulties must be "a result of" Defendant's delay).

To the extent Kennedy argues that a conversation during an off-the-record status conference demonstrates that Smith is withholding evidence, the Court will not consider it. Kennedy "did not object to holding the status conference[] off the record and made no contemporaneous requests to go on the record" in order to preserve this conversation. *Brown Inv. Advisory v. Allen*, No. JKB-19-2332, 2021

WL 2141377, at *4 (D. Md. May 25, 2021) (refusing to "reconstruct" off-the-record status conferences from memory, noting that it is the responsibility of a party to ensure a record is made if it wants one); *Saginaw Chippewa Indian Tribe of Mich. v. Blue Cross Blue Shield of Mich.*, No. 1:16-cv-10317, 2024 WL 3830276, at *33 n.11 (E.D. Mich. Aug. 14, 2024) (refusing to consider parties' representations about what occurred in an off-the-record status conference).

### f. Objection Six

Kennedy's next objection pertains to Magistrate Judge Grand's finding that service on Smith may not have been effective because the certificate of service was signed by an unknown officer. ECF No. 41, PageID.239. Kennedy argues that Smith should have been required to submit an affidavit stating that she was not the officer who signed the summons and complaint, and that Magistrate Judge Grand accepted her argument that service was improper "without evidence." *Id.* at PageID.241. Kennedy requests that the Court issue a subpoena to the Highland Park Police Department to obtain security video footage to see which officer signed for the service of process. *Id.*

Magistrate Judge Grand's discussion of service of process occurred in his analysis of whether Smith engaged in culpable conduct. ECF No. 34, PageID.206. Considering the potentially faulty service of process *and* the fact that Smith eventually answered the complaint and has complied with deadlines ever since,

10

Magistrate Judge Grand concluded that there is an insufficient showing that Smith engaged in "culpable conduct" warranting a default judgment against her. *See Shepard Claims Serv., Inc.*, 796 F.2d at 194 (defining culpable conduct). The plainly defective certificate of service, Smith's brief in response to Kennedy's motion,[5] and the affidavit of Adriene Brinkley[6] were sufficient to demonstrate that service was likely defective. In the context of a default judgment motion, the likelihood of improper service and Smith's now-active participation in the litigation are enough to find that Smith did not engage in culpable conduct. *See Dassault Systemes, SA*, 663 F.3d at 841 (default judgments are disfavored and any doubt must be resolved in favor of the defendant when considering a motion for default judgment). An affidavit from Smith, or any other evidence, is not necessary.

Furthermore, the Court will not entertain Kennedy's request for a subpoena because it is procedurally improper. Kennedy did not argue for a subpoena in his motion before Magistrate Judge Grand, and he cannot "raise at the district court stage

---

[5] Under Fed. R. Civ. P. 11, by signing and submitting any paper to the court, an attorney certifies that the factual contentions she makes are true to the best of her knowledge, information, and belief. Thus, the Court is permitted to rely on Smith's attorney's representation that Smith was not properly served.

[6] Adriene Brinkley is the Chief Legal Assistant of Highland Park's Legal Department. She stated under oath that process was not served according to city protocol, so she was unaware of the action and unable to timely assign it to defense counsel. *See* ECF No. 24-3.

11

new arguments or issues that were not presented to the magistrate." *Enyart v. Coleman*, 29 F Supp. 3d 1059, 1070 (N.D. Ohio 2014).

### g. Objection Seven

Kennedy's next objection again pertains to Magistrate Judge Grand's observation that Kennedy waited over a year after the events underlying this action to file his complaint. ECF No. 41, PageID.241–42. However, the Court already disposed of Kennedy's concerns about this issue under Objection Four.

### h. Objection Eight

Kennedy's final objection is to Magistrate Judge Grand's finding that Smith did not engage in culpable conduct. ECF No. 41, PageID.242–43. Kennedy argues that Magistrate Judge Grand should have required Smith to provide evidence about when she received the summons and complaint, when she requested representation from defense counsel, why she did not request an extension of time to answer, and who actually signed the certificate of service. *Id.*

This Court would not require such evidence. As explained under Objection Six, there was sufficient evidence that service was likely defective. And as described under Objection One, "ambiguous or disputed facts" should be reviewed "in the light most favorable to the defendant, resolving any doubts in his favor." *Dassault Systemes, SA*, 663 F.3d at 841. Courts prefer to resolve disputes on the merits, not on procedural grounds such as a default judgment. *Id.* Given that Smith has answered

the complaint and is actively participating in litigation now, it makes little sense to enter a default judgment against her or to expend additional judicial resources inquiring into when she actually received service. Where there is no prejudice to the plaintiff and where the defendant has a meritorious defense to the action, a district court should not grant default judgment when the defendant "offers a credible explanation for the delay that does not exhibit disregard for the judicial proceedings." *Shepard Claims Serv., Inc.*, 796 F.2d at 195. That is the situation in this case. Smith has offered a credible explanation for the delay and has complied with deadlines since she filed her answer. Further investigation is not warranted under these circumstances.

### III. CONCLUSION

Accordingly, for the foregoing reasons, the Court **ACCEPTS** and **ADOPTS** Magistrate Judge Grand's Report and Recommendation [ECF No. # 34] and **DENIES** Plaintiff's Motion for Default Judgment [ECF No. #23].

SO ORDERED.

Dated: October 25, 2024  /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

## CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 25, 2024, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager